OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and the motion by tenant Cameron Callender to vacate the final judgment and for related relief is denied.
On July 16, 1997, landlord commenced a summary nonpayment proceeding against tenants Cameron Callender and Stacey Honoré, alleging the nonpayment of rent due, totaling $1,395, pursuant to a written lease. After a period of negotiations, which included a stipulation of settlement signed by Cameron Cal-lender, landlord and tenant Honoré executed a superseding stipulation of settlement on January 16, 1998, which stated a principal sum due of $4,845 and provided for a payment schedule to accompany the monthly rent due pursuant to the lease. Following a default in payments due under the superseding stipulation of settlement, a final judgment was entered on March 9, 1998 against both tenants, awarding landlord possession and the principal sum of $4,845. On April 14, 1998, tenants were evicted.
On August 7, 2003, an income execution issued against tenant Honoré, and, on September 18, 2003, she moved to vacate the execution on the grounds that she was unable to pay the garnishment in light of her expenses and that she was not the only person liable for the final judgment. The motion was granted on condition that she satisfy the final judgment by November 15, 2003. Evidently, tenant Honoré did not satisfy the final judgment, and landlord subsequently obtained an income execution against tenant Callender. On August 1, 2011, Callender moved to vacate the final judgment and for related relief, citing his failure to sign the January 16, 1998 stipulation, that he and Honoré were both “liable,” that he was no longer working, and that $4,639 had already been garnished from his salary. In its opposing papers, landlord submitted an “interest report” which listed 26 payments on the final judgment from February 26, 2004 through August 2011, apparently most, if not *55 all, by Callender, and with substantial gaps between certain of the payments, totaling $4,906, with a balance due of $8,389.30 as of August 3, 2011. In an order entered on February 21, 2012, the Civil Court granted the motion to vacate the final judgment and for related relief, vacated any liens and income executions as may have been outstanding, and ordered landlord to return to tenant Callender all payments made pursuant to the enforcement of the final judgment, on the ground that Callender had not signed the January 16, 1998 stipulation.
We find that tenant Callender’s numerous payments on the debt, coupled with his 14-year delay in moving to vacate the final judgment, “evidenced a willingness to accede to the terms of the judgment” (Cooper v Carlson, 130 AD2d 703, 703 [1987]; see also West 187 St. Assoc. v Rojas, 37 Misc 3d 135[A], 2012 NY Slip Op 52110[U] [App Term, 1st Dept 2012]; Cenedese v Figueroa, 10 Misc 3d 143[A], 2006 NY Slip Op 50093[U] [App Term, 1st Dept 2006]), and that he is therefore liable on the final judgment notwithstanding that he did not sign the superseding stipulation of settlement (S.M.G. Partners v Chavez, 10 Misc 3d 146[A], 2006 NY Slip Op 50155[U] [App Term, 1st Dept 2006]).
Accordingly, the order is reversed and the motion by tenant Cameron Callender to vacate the final judgment and for related relief is denied.
Pesce, P.J., Solomon and Elliot, JJ., concur.